IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **AMADO PACHECO**, | Case No. 3:24-cv-00223-JE |
| Petitioner, | **ORDER ADOPTING F&R WITH CLARIFICATION** |
| v. | |
| **ISRAEL JACQUEZ**, | |
| Respondent. | |

Amado Pacheco, 94818-509, FCI Sheridan Camp, P.O. Box 6000, Sheridan, OR 97378. Pro se.

Natalie K. Wight, United States Attorney, District of Oregon, and Robert S. Milesnick, Assistant United States Attorney, 1000 SW Third Avenue, Suite 600, Portland, OR 97204-2936. Attorneys for Respondent.

**IMMERGUT, District Judge.**

On February 2, 2024, Petitioner Amado Pacheco filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, ECF 1. On April 29, 2024, Respondent filed a Motion to Dismiss the Petition ("Mot."), ECF 7, for lack of subject matter jurisdiction, or in the alternative, for failure to state a claim. Petitioner did not file a response. On July 15, 2024, Magistrate Judge Jelderks issued his Findings and Recommendation ("F&R"), ECF 9. The F&R recommends that

this Court dismiss the Petition with prejudice and decline to issue a certificate of appealability because Petitioner is statutorily ineligible to earn FSA Time Credits. No party filed objections.

Under the Federal Magistrates Act ("Act"), as amended, the court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). If a party objects to a magistrate judge's F&R, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* But the court is not required to review, de novo or under any other standard, the factual or legal conclusions of the F&R that are not objected to. *See Thomas v. Arn*, 474 U.S. 140, 149–50 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). Nevertheless, the Act "does not preclude further review by the district judge, *sua sponte*" whether de novo or under another standard. *Thomas*, 474 U.S. at 154.

No party having filed objections, this Court has reviewed the F&R and accepts Judge Jelderks's conclusions. 18 U.S.C. § 3632(d)(4)(D)(lxvi) provides that Petitioner is ineligible to earn FSA Time Credits because he is serving a sentence for a conviction under 21 U.S.C. § 841(b)(1)(A)(vi). Both the F&R and Respondent mistakenly cite to 18 U.S.C. § 3632(c)(4)(D)(lxvi), which does not exist. F&R, ECF 9 at 2; Mot., ECF 7 at 7. This Court clarifies that the correct citation is § 3632(d)(4)(D)(lxvi).

This Court agrees with Judge Jelderks that Petitioner has not made "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), and therefore declines to issue a certificate of appealability.

Judge Jelderks's F&R, ECF 9, is adopted subject to the above clarification. This Court GRANTS Respondent's Motion to Dismiss, ECF 7, for lack of subject matter jurisdiction, DENIES a certificate of appealability, and DISMISSES this case with prejudice.

**IT IS SO ORDERED**.

DATED this 4th day of October, 2024.

/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge